UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02190-RGK-AS | | Date | August 26, 2025 |
|---|---|---|---|---|
| Title | ***Ruben Benitez et al. v. Kristi Noem et al.*** | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Petitioners: | | Attorneys Present for Respondents: |
| Not Present | | Not Present |

| Proceedings: | **(IN CHAMBERS) Order Re: Petitioners' *Ex Parte* Application for Temporary Restraining Order [5]** |
|---|---|

## I.    INTRODUCTION

On August 21, 2025, Ruben Benitez, Eliezer Bernal Mendiola, Veliz Armando Bravo Chilel, Marco Eliseo Chamorro Arango, Alpiria Martinez Chavez, Angela Favian Angel, Hans Hernandez Perez, Mario Romero de la Cruz, and Jose Valero Lagunas (collectively, "Petitioners") filed a Petition for Writ of Habeas Corpus against U.S. Secretary of Homeland Security Kristi Noem, U.S. Attorney General Pam Bondi, Acting Director of Immigration and Customs Enforcement ("ICE") Todd Lyons, Acting Director of the Los Angeles Field Office of ICE Ernesto Santacruz, Jr., Warden of the Adelanto ICE Processing Center Fereti Semaia, ICE, and the Department of Homeland Security ("DHS") (collectively, "Respondents"). (ECF No. 1.) Petitioners, noncitizens who have been charged as inadmissible for being present in the United States without having been admitted, are in ICE custody pending removal proceedings. They seek a writ of habeas corpus requiring that they be released from custody unless Respondents provide them with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Presently before the Court is Petitioners' *Ex Parte* Application for Temporary Restraining Order ("TRO") and Order to Show Cause. (ECF No. 5.) Respondents have opposed the Application. (ECF No. 9.) For the following reasons, the Court **GRANTS** the Application.

## II.    FACTUAL BACKGROUND

Petitioners allege the following:

ICE has charged Petitioners with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted or paroled. They are currently in ICE custody pending removal proceedings. Prior to their arrests, Petitioners were residing in the United States without being formally admitted.

After being detained, Petitioners requested bond hearings before an immigration judge. However, in each instance, the immigration judge denied bond, indicating that the immigration court lacked jurisdiction to conduct a bond hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-02190-RGK-AS | Date | August 26, 2025 |
|---|---|---|---|
| Title | ***Ruben Benitez et al. v. Kristi Noem et al.*** | | |

The immigration judges' decisions were based on a new DHS policy issued on July 8, 2025. The policy instructs all ICE employees to consider noncitizens charged as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i)—the inadmissibility ground for individuals like Petitioners who were present in the United States without being admitted or paroled—as "applicant[s] for admission," under 8 U.S.C. § 1225(a)(1), who are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Apl., Ex. BB, ECF No. 5-2.) The new policy represents a dramatic shift; for decades, noncitizens like Petitioners who were inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without being admitted were considered detained pursuant to 8 U.S.C. § 1226(a), which allows for a bond hearing before an immigration judge, assuming the noncitizen's criminal history does not render them ineligible for such a hearing.

## III.    JUDICIAL STANDARD

While a preliminary injunction is intended to preserve the status quo pending a judgment on the merits, a TRO is intended to preserve the status quo only until a preliminary injunction hearing can be held. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974).

Despite this difference, the standard for a TRO is "substantially identical" to the standard for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain a TRO, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (the "*Winter* test"). In the Ninth Circuit, courts also apply a sliding scale test, in which the elements of the *Winter* test are balanced "so that a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The moving party bears the burden of persuasion. *Hill v. McDonough*, 547 U.S. 573, 584 (2006).

If the court issues a TRO, it must also issue an order to show cause why a preliminary injunction should not issue. C.D. Cal. L.R. 65-1.

## IV.    DISCUSSION

Petitioners allege their continued detention violates their statutory right to a bond hearing under 8 U.S.C. § 1226(a), the Administrative Procedures Act, and their Fifth Amendment rights to due process. Accordingly, Petitioners seek a TRO requiring Respondents to release them from custody or provide them with an individualized bond hearing before an immigration judge within seven days. Petitioners also seek to enjoin Respondents from relocating them outside of the Central District of California pending final resolution of this litigation. Respondents argue the Court lacks jurisdiction over the matter. In the alternative, Respondents argue Petitioners have not met the requirements for a TRO.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-02190-RGK-AS | Date | August 26, 2025 |
|---|---|---|---|
| Title | *Ruben Benitez et al. v. Kristi Noem et al.* | | |

The Court begins by considering whether it has jurisdiction over the matter, then proceeds to consider whether Petitioners have satisfied the *Winter* test.

### A.    Jurisdiction

Respondents argue that 8 U.S.C. §§ 1252(b)(9) and (g) deprive the Court of jurisdiction over Petitioners' claims. The Court addresses each subsection in turn.

### 1.    *8 U.S.C. § 1252(b)(9)*

Section 1252(b)(9) provides:

> *Judicial review of all questions of law and fact*, including interpretation and application of constitutional and statutory provisions, *arising from any action taken or proceeding brought to remove an alien from the United States* under this subchapter *shall be available only in judicial review of a final order* under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(9) (emphasis added).

Respondents argue that the legality of their decision to detain Petitioners is a question of law which arises from actions they are taking to remove Petitioners from the United States and is thus not reviewable absent a final removal order. The Court disagrees. The Supreme Court has held that Section 1252(b)(9) does not present a jurisdictional bar in a case involving a noncitizen's challenge to his continued detention without a bond hearing pending his removal from the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 291–95 (2018). Where, as here, Petitioners "are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined . . . § 1252(b)(9) does not present a jurisdictional bar." *Id.* at 294–95.

### 2.    *8 U.S.C. § 1252(g)*

Section 1252(g) provides:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, *no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien* under this chapter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-02190-RGK-AS | Date | August 26, 2025 |
|---|---|---|---|
| Title | *Ruben Benitez et al. v. Kristi Noem et al.* | | |

8 U.S.C. § 1252(g) (emphasis added).

Respondents argue that Petitioners' claims stem from their detention during removal proceedings—detention that arises from the government's decision to "commence proceedings" against them, *id.*, so the Court does not have jurisdiction to hear their claims. The same reasoning discussed above with respect to Section 1252(b)(9) applies here. The "arising from" language in Section 1252(g) does not "sweep in any claim that can technically be said to 'arise from' the three listed actions," the language refers to "just those three specific actions themselves." *Jennings*, 583 U.S. at 294 (citing *Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 482–83 (1999)). Since Petitioners do not challenge the government's decision to commence removal proceedings against them, Section 1252(g) is not a jurisdictional bar.

**B.** ***Winter* Test**

1. *Likelihood of Success on the Merits*

Petitioners argue they are likely to succeed on their claims that their ongoing detention under Section 1225(b)(2) is unlawful because Section 1226(a) governs their detention. Respondents argue that Petitioners are not likely to succeed on their claims because Petitioners were present in the United States without having been admitted and are thus "applicant[s] for admission" under Section 1225(a)(1), who are subject to mandatory detention under Section 1225(b)(2).

Section 1226(a) provides that:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General . . . .

8 U.S.C. 1226(a).

Subsection (c) of Section 1226 prohibits certain noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) by virtue of their presence in the United States without being admitted (like Petitioners) from being released on bond *if* the noncitizen has also been:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02190-RGK-AS | | Date | August 26, 2025 |
|---|---|---|---|---|
| Title | ***Ruben Benitez et al. v. Kristi Noem et al.*** | | | |

charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person

*Id.* § 1226(c)(1)(E).

Section 1225, on the other hand, instructs that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed . . . an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225 also has a mandatory detention provision whereby, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." *Id.* § 1225(b)(2)(A).

The Court agrees with Petitioners that their continued detention pursuant to Section 1225(b)(2)(A) is likely unlawful because Section 1226(a) governs their detention. There can be no genuine dispute that Section 1226(a) applies to Petitioners. If it did not, Section 1226(c)(1)(E) would be meaningless—there would be no reason to except noncitizens who are inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) *and* who have committed certain crimes from Section 1226 if that section does not apply to those inadmissible noncitizens in the first instance regardless of what crimes they have committed. *See Shulman v. Kaplan*, 58 F. 4th 404, 410–11 (9th Cir. 2023) (Courts "must interpret the statute as a whole, giving effect to each word and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or superfluous.") (quoting *Rodriguez v. Sony Computer Ent. Am., LLC*, 801 F.3d 1045, 1051 (9th Cir. 2015). Respondents appear to recognize as much, instead insisting that there is an irreconcilable conflict between the two provisions, and that under ordinary canons of statutory interpretation, the more specific provision, Section 1225, should govern. *See Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1015 (9th Cir. 2017). But the Court sees no such irreconcilable conflict. The most likely explanation is that the two provisions apply to different classes of noncitizens. *Florida v. United States*, 660 F. Supp. 3d 1239, 1275 (N.D. Fla. 2023); *see Jennings*, 583 U.S. at 281, 297 (noting that Section 1226 applies to "certain aliens *already in the country*," while Section 1125(b) "applies primarily to aliens *seeking entry into the United States*") (emphasis added). Thus, it appears at this juncture that Petitioners' continued detention pursuant to Section 1225(b)(2)(A) is likely unlawful because Section 1226(a) likely governs their detention.

Respondents also argue Petitioners are not likely to succeed on the merits of their claims because they have not exhausted their administrative remedies by appealing their underlying bond denials to the Board of Immigration Appeals ("BIA"). Under the doctrine of exhaustion, "no one is entitled to judicial relief for a supposed or threatened injury until the prescribed . . . remedy has been exhausted." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004) (quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)) (alteration in original). "If exhaustion is required by statute, it may be mandatory and jurisdictional, but courts have discretion to waive a prudential requirement." *Id.* Respondents do not argue that there is a statutory requirement for exhaustion. Under these circumstances, courts consider whether: (1) "agency

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-02190-RGK-AS | | Date | August 26, 2025 |
|---|---|---|---|---|
| Title | ***Ruben Benitez et al. v. Kristi Noem et al.*** | | | |

expertise makes agency consideration necessary to generate a proper record and reach a proper decision"; (2) whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme"; and (3) whether "administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003).

Here, Petitioners' failure to exhaust their administrative remedies does not doom their likelihood of success on the merits; the circumstances of this case indicate waiving the prudential requirement is appropriate. First, agency consideration is not necessary to generate a proper record and reach a proper decision. Petitioners present purely a question of law. There are no factual questions for which the agency's expertise is required to develop a cogent record. Second, relaxation of the requirement would not encourage a deliberate bypass of the administrative scheme. "[A] resolution of [Petitioners'] question of law at the district court level might provide expedient clarity and guidance to the . . . BIA, obviating the need for similar, subsequent bypassing of administrative remedies." *See Bautista v. Santacruz*, 5:25-cv-01873-SSS-BFM (C.D. Cal. July 28, 2025), ECF No. 14. Third, it is unlikely that administrative review would allow the agency to correct its own mistakes. Indeed, as Petitioners aptly point out, the most recent unpublished BIA decision on this issue held that noncitizens like Petitioners are subject to mandatory detention as applicants for admission. (Appl., Ex. CC, ECF No. 5-2.)

Accordingly, Petitioners are likely to succeed on the merits of their claims.

   2. *Likelihood of Irreparable Harm*

Petitioners submit that they have now been detained without a bond hearing for between forty-six and eighty-one days, and that absent a TRO, they will continue to be unlawfully detained without bond hearings before immigration judges, which they are entitled to under Section 1226(a). Detention constitutes "a loss of liberty that is . . . irreparable." *Moreno Galvez v. Cuccinelli*, 492 F. Supp. 3d 1169, 1181 (W.D. Wash. 2020), *aff'd in part, vacated in part on other grounds, remanded sub nom. Moreno Galvez v. Jaddou*, 52 F.4th 821 (9th Cir. 2022). Accordingly, the Court finds that Petitioners are likely to suffer irreparable harm in the absence of a TRO.

   3. *Balance of the Equities and Public Interest*

 The last two *Winter* factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). Petitioners argue that DHS' new policy violates federal law, and "neither equity nor the public's interest are furthered by allowing violations of federal law to continue." *Galvez v. Jaddou*, 52 F.4th 821, 832 (9th Cir. 2022). The Court agrees. While Respondents undoubtedly have a compelling interest in the steady enforcement of the nation's immigration laws, the TRO here would do precisely that. As discussed above, Section 1226 likely applies to Petitioners' detention, and allowing the government to detain them under Section 1225 likely violates the immigration laws. Accordingly, the Court finds that the last two *Winter* factors weigh in favor of a TRO.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-02190-RGK-AS | Date | August 26, 2025 |
|---|---|---|---|
| Title | ***Ruben Benitez et al. v. Kristi Noem et al.*** | | |

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Petitioners' *Ex Parte* Application for a TRO. The Court hereby **ORDERS** that:

- Respondents shall provide each Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven (7) days of this Order;

- Respondents are enjoined from relocating Petitioners outside of the Central District of California pending final resolution of this matter; and

- Respondents shall show cause, in writing, as to why a preliminary injunction should not issue in this case no later than twenty-one (21) days of this Order. Petitioners may file a response no later than seven (7) days after Respondents' filing.

**IT IS SO ORDERED.**

Initials of Preparer                    _____ : _____

                                                         JRE/aa